# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

|                          |     |                                    |
|--------------------------|-----|------------------------------------|
| **PAUL D. LATHON, Sr.,** | )   |                                    |
|                          | )   |                                    |
| **Petitioner,**          | )   |                                    |
|                          | )   |                                    |
| **vs.**                  | )   | **Case number 4:04cv0597 DJS**     |
|                          | )   | **TCM**                            |
| **CHUCK DWYER,**         | )   |                                    |
|                          | )   |                                    |
| **Respondent.**          | )   |                                    |

## MEMORANDUM AND ORDER

The 28 U.S.C. § 2254 petition of Paul D. Lathon, Sr., a Missouri prisoner serving a life sentence without parole, for federal habeas corpus relief is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b).

Paul Lathon ("Petitioner") was convicted following a jury trial of one count of first degree murder, two counts of armed criminal action, and one count of first degree assault. State v. Lathon, 62 S.W.3d 728, 728 (Mo. Ct. App. 2001) (per curiam). His appeal was denied on December 18, 2001; the appellate court's mandate issued on January 15, 2002.

On March 29, 2002, Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. (Resp. Ex. C at 3-51.) The motion, later amended by appointed counsel, was denied without an evidentiary hearing on August 1, 2002. (Id. at 75-82.) Petitioner appealed. (Id. at 91.) His appeal was denied on May 27, 2003. Lathon v. State, 105 S.W.3d 879, 880 (Mo. Ct. App. 2003) (per curiam). The appellate court's mandate issued on June 18. (Resp. Ex. B at 3.)

On May 6, 2004, Petitioner signed the pending § 2254 petition. He argues that (1) trial counsel was ineffective for failing to locate, interview, and call two witnesses who would have impeached the State's eyewitness's testimony[1]; (2) trial counsel was ineffective for failing to locate, interview, and call a third witness who would have impeached the State's eyewitness's testimony[2]; (3) the trial court abused its discretion in denying trial counsel's request for a mistrial after the prosecutor made repeated, indirect references during voir dire to the defense's case; (4) the trial court abused its discretion in overruling defense counsel's request for a mistrial when the eyewitness testified that Petitioner had beaten her; and (5) the trial court plainly erred in sentencing him to life without parole for the first degree assault conviction.

Respondent contends that the petition is untimely filed under 28 U.S.C. § 2244(d). Specifically, "[e]ighty-six days passed been the expiration of time for seeking direct review on March 2, 2002, and the filing of the Rule 29.15 motion on March 29, 2002." (Response at 3.) An additional 352 days passed between the denial of post-conviction relief by the Missouri Court of Appeals on May 27, 2003, and the filing of the § 2254 petition on May 13, 2004. (Id.)

_____

[1]The two witnesses would have rebutted the State's eyewitness's testimony that she had never used a gun before. (Pet. at 7.) They were not present when the two victims were shot. (Resp. Ex. C at 77-78.)

[2]This witness also would have rebutted the State's eyewitness's testimony about never having used a gun before. (Pet. at 9.) This witness also was not present when the two victims were shot. (Resp. Ex. C at 78-79.)

Petitioner correctly notes that the time during which his Rule 29.15 motion was pending tolls the statute of limitations. Petitioner also argues that the eighty-six days between the conclusion of his direct appeal and the filing of his post-conviction motion tolls the time because otherwise the state rule providing for a ninety-day period for filing post-conviction motions would be undermined.

Title 28 U.S.C. § 2244(d) provides, in relevant part, as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

. . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(Alteration added.)

Under § 2244(d)(1)(A), "a state prisoner must file his application for a writ of habeas corpus within one year of the date the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." **Pierson v. Dormire**, — F.3d —, 2007 WL 984104, *5 (8th Cir. Apr. 4, 2007). If a Missouri prisoner does not, as Petitioner did not, file a motion to transfer to the Missouri Supreme Court his judgment becomes final within the meaning of § 2244(d)(1)(A) ninety days after his conviction is affirmed on direct appeal. **Id.** at *8. Petitioner's conviction was affirmed on December 18,

2001. The ninety-day period ended on March 18, 2002. He filed his motion for post-conviction relief ten days later. Thus, only those ten days count against the statute of limitations.

The one-year period "is tolled pursuant to § 2244(d)(2) until the Missouri Court of Appeals has issued the mandate in the state post-conviction case." **Id.** at *6. The mandate issued in Petitioner's post-conviction appeal on June 18, 2003. The remaining 355 days within which Petitioner could file a timely § 2254 petition ended on June 8, 2004. His petition was signed on May 6, 2004, and received seven days later.

Therefore, Petitioner's § 2254 petition was timely filed.

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that **within thirty days of the date of this Order** Respondent is to address the merits of Petitioner's claims and is to state whether any claim in the petition is barred by a failure to exhaust state remedies or a procedural bar. Respondent is also to file the complete state court record.

**IT IS FURTHER ORDERED** that if Petitioner chooses to file a reply to Respondent's amended response, he shall file such reply within **twenty (20)** days of the date the amended response is filed. If Petitioner fails to timely file his reply, the right to file such a reply shall be waived. See Rule 5(e) of the Rules Governing § 2254 Cases.

/s/ Thomas C. Mummert, III

THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this <u>11th</u> day of May, 2007.