UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAUL D. LATHON, Sr., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 4:04CV597-DJS |
| | ) |
| CHUCK DWYER, | ) |
| | ) |
| Respondent. | ) |

### ORDER

Paul D. Lathon, Sr. has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 challenging his convictions by a jury of first degree murder, first degree assault and two counts of armed criminal action. The matter is now before the Court on the report and recommendation ("R&R") of the United States Magistrate Judge recommending denial of the petition, and on petitioner's objections to the R&R. As required by 28 U.S.C. §636(b), this Court gives *de novo* consideration to those portions of the magistrate judge's R&R to which objection is made. Under the Antiterrorism and Effective Death Penalty Act of 1996, a habeas petition may not be granted unless the state court's determination of a ground for relief was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d).

Petitioner's objections focus first upon his claims of ineffective assistance of counsel, which are the first and second grounds for relief presented in his §2254 petition. Both claims relate to the same theory of a defense not attempted at petitioner's trial. The charges in the case arose from shootings that began while petitioner, his girlfriend Julia Jones, and the shooting victims Eddie Mozee and Lavone Carthen were all present in the same car, with petitioner driving and Ms. Jones in front, and the two other men in the back seat of the car. Petitioner's ineffective assistance claims are predicated upon a defense theory that Ms. Jones rather than petitioner had the gun in the car, and that the fatal shooting of Eddie Mozee occurred when the gun discharged as petitioner was struggling with Ms. Jones to get the gun from her.

Petitioner's first claim is based on trial counsel's failure to locate, interview and call as witnesses Ms. Charlin Moody and her brother Charles Moody. Petitioner asserts that their testimony, as to an instance in which Julia Jones pointed a gun at Ms. Moody in the presence of her brother, would have impeached Ms. Jones, who testified at trial that she had never used a gun. Similarly, in petitioner's second ground for relief, he claims ineffective assistance based on counsel's failure to locate,

interview and call as a witness Denise Singleton, to testify that Ms. Jones had once pointed a gun in her presence.[1]

To prevail on a claim of ineffective assistance of counsel, petitioner must show that his counsel's performance was deficient as a matter of constitutional law and that petitioner was prejudiced by the deficient performance. Strickland v. Washington, 466 U.S. 668, 687 (1984). On petitioner's post-conviction motion, the St. Louis County Circuit Court rejected these ineffective assistance claims. The court observed that, whether or not Ms. Jones' testimony was impeached as petitioner urged, no evidence was offered at trial to support a theory that Ms. Jones held the gun as it fired at Mr. Mozee. Resp. Exh. C, p. 78. This determination is adverse to the prejudice prong of the ineffective assistance standard. Further, as to the deficient performance prong, the court noted that impeachment on the collateral matter of prior gun use by Ms. Jones might not have been permitted by the trial court in any event, and concluded that the performance of petitioner's trial counsel could not be deemed deficient for failure to attempt it. Id. at 80. The Missouri Court of Appeals affirmed on the same rationale. Resp. Exh. K, p. 4.

In his objections to the R&R, plaintiff offers anew his arguments as to the deficiency of counsel's performance with

---

[1] The petition [Doc. #1] contains differing descriptions of the potential testimony of Ms. Singleton as to whether she had seen Ms. Jones point a gun at petitioner (see, e.g., pp. 4, 26, 29, 43, 44) or at Ms. Singleton herself (see, e.g., pp. 9, 25, 32, 40).

3

respect to the potential testimony of these three witnesses, and in a number of other respects not pertinent to the claims now at issue, as well as arguments as to the prejudice he suffered from counsel's failure to construct a defense from his theories. On *de novo* review of the issues raised, the Court is not persuaded that petitioner is entitled to relief. This Court readily concludes that the state courts' determination denying petitioner relief on these two assistance of counsel claims was well-reasoned and correct, was not contrary to established federal law, and did not involve an unreasonable application of federal law. Pursuant to §2254(d), therefore, no relief can be granted on grounds one or two of the instant petition.

Ground three of the petition is a claim that the trial court committed error of constitutional dimension when it denied defense counsel's request for a mistrial based on the prosecutor's references during voir dire to the presentation of a defense in the case. The first remark for which a mistrial was requested was:

> I want to have people on the jury that will listen to the evidence and haven't made up their mind before they've heard the evidence that they're not going to consider this or they're not going to consider that; both for me and the defense, because the defense could put on evidence, too.

Transcript for Appeal, p.31. Construing the remark as a comment on the defendant's right not to testify, defense counsel sought a mistrial.

Later, in a colloquy with a particular venire panel member, the prosecutor suggested:

> [F]orget about whether it's [an] identification case, or who done it, or self-defense, or alibi; whatever the defense would possibly be. Forget about that, okay? That remains to be seen in any case.

Id. at 39. Again, defense counsel sought a mistrial construing the remark to be an improper comment on the defendant's right not to testify, and an impermissible shifting of the burden of proof to the defense.

Still later during voir dire the prosecutor outlined the trial order, saying:

> The evidence comes after the opening statements. After the opening statement then you have evidence. Evidence are the witnesses that come forward and testify. The prosecutor, the State, puts its evidence on first. The defense can put on evidence if they desire.

Id. at 48. Again a mistrial was sought, defense counsel arguing that the challenged remarks were suggestive of the defendant's need to testify in his defense and an impermissible attempt to shift the burden of proof. The trial court denied the request for a mistrial, but cautioned the prosecutor against remarks in front of the jury as to the presentation of testimony by the defense.

The prosecutor subsequently referred to the potential for the jury to have to "tak[e] one person's word against another" where facts are in dispute. Transcript for Appeal, pp.109-10. Defense counsel objected, but did not then request a mistrial, and the objection was overruled. Id. at 110.

5

In her voir dire questioning, after all the challenged comments of the prosecution, defense counsel advised the venire panel that the accused has a right not to testify and that no inference of guilt could be drawn from his failure to testify. Id. at 184. No panel member responded to her questions on the issue. Id. Number 14 of the Court's final instructions advised the jury that "the defendant has the right not to testify" and that "[n]o presumption of guilt may be raised and no inference of any kind may be drawn from the fact that the defendant did not testify." Resp. Exh. D, Trial Transcript, Vol II, p.318.

In this Court's view, none of the prosecution's challenged remarks constituted a forbidden comment, directly or indirectly, on a defendant's failure to testify. The statements for which a mistrial was sought referenced "evidence" and "a defense" generally, and none was in a context likely to foster impermissible suggestions concerning testimony by the defendant himself. Likewise, the challenged remarks did not attempt to shift the burden of proof from the prosecution to the defense, but instead only accurately reflected the defense's opportunity to adduce its own evidence at trial. The comments were not violative of petitioner's rights under the Fifth or Fourteenth Amendments.

Furthermore, upon consideration of the brevity of the remarks, their context within the voir dire questioning, the unambiguous and correct statements of the law by defense counsel in that same phase of the trial on the defendant's right not to

6

testify, and the trial court's closing instructions on the matter, the Court readily concludes that the prosecution's remarks, even if improper, were not so prejudicial as to render the trial fundamentally unfair and thereby violate due process. <u>Donnelly v. DeChristoforo</u>, 416 U.S. 637, 643 (1974). Petitioner's objections to the contrary are unpersuasive, and, after this Court's *de novo* consideration of Ground Three, are overruled. The state courts' denial of relief on this claim did not constitute an unreasonable or erroneous application of clearly established federal law, and relief under §2254 will be denied.

In Ground Four, petitioner alleges that his rights under the Fifth, Sixth and Fourteenth Amendments were violated by the trial court's denial of a mistrial when Julia Jones repeatedly volunteered at trial that petitioner had beaten her in the past. This inadmissible character and "other crimes" evidence, petitioner contends, impermissibly suggested that petitioner had violent propensities. The Court has carefully reviewed the three portions of Ms. Jones' testimony upon which petitioner relies. Resp. Exh. D, Trial Transcript, Vol. I, pp.70, 84, 102. The first, as the trial court noted, was ambiguous and not expressly indicative of violence by petitioner. The second and third, though more explicit, were very brief and the defense made no objection to the third instance.

7

Viewed in the context of the entire trial record, these isolated remarks by Ms. Jones were not sufficiently prejudicial to have potentially impacted the jury's verdict, did not warrant a mistrial, and did not violate petitioner's constitutional rights. Petitioner's objections do not persuade the Court otherwise. "A state court's evidentiary rulings can form the basis for federal habeas relief under the due process clause only when they were so conspicuously prejudicial or of such magnitude as to fatally infect the trial and deprive the defendant of due process." Parker v. Bowersox, 94 F.3d 458, 460 (8th Cir. 1996). Only evidentiary errors that are so grossly prejudicial that they fatally infect the entire trial, preventing it from being fundamentally fair, will justify habeas corpus relief. Rainer v. Department of Corrections, 914 F.2d 1067, 1072 (8th Cir. 1990). Upon *de novo* review, this Court concludes that in denying relief on this ground, the Missouri Court of Appeals did not act contrary to, or unreasonably apply, clearly established federal law, and petitioner has shown no right to relief under 28 U.S.C. §2254.

For all the foregoing reasons, and upon *de novo* consideration of the matters objected to, the Court concludes that petitioner has shown no right to relief pursuant to 28 U.S.C. §2254. Accordingly,

**IT IS HEREBY ORDERED** that petitioner's objections [Doc. #29] are overruled, and the magistrate judge's report and recommendation [Doc. #23] is adopted.

Dated this __20th__ day of March, 2008.

                                              /s/Donald J. Stohr
                                              UNITED STATES DISTRICT JUDGE